IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DENIM HABIT, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 2:14-CV-00260(JS)(ARL) |
| ) | |
| **DONALD SHAPIRO, an individual,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Donald Shapiro ("Shapiro"), by and through undersigned counsel, hereby files his Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

## ANSWER

1. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 1 and, therefore, denies same.

2. Shapiro admits that a franchise agreement by and between National Jeans Franchise Corp. and NJC Boston, LLC was executed on or about July 22, 2004 for a location in Newton, Massachusetts.

3. Shapiro admits that he executed a document entitled "Guaranty and Assumption of Obligations" dated July 22, 2004.

4. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 4 and, therefore, denies same.

5. Shapiro denies the allegations contained in paragraph 5.

**PARTIES**

6. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 6 and, therefore, denies same. Further answering, Shapiro calls upon Plaintiff to prove that it is the real party in interest.

7. Shapiro admits that he is an individual who resides in Weston, Massachusetts. Shapiro denies that he was affiliated with the Franchisee. Shapiro further answers by stating that the Guaranty and Assumption of Obligations speaks for itself.

**JURISDICTION AND VENUE**

8. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 8 and, therefore, denies same.

9. Shapiro is without sufficient knowledge regarding the allegations contained in the first sentence of paragraph 9 and, therefore, denies same. Shapiro admits that he is an individual who is a citizen of Massachusetts.

10. Shapiro denies the allegations contained in paragraph 10.

11. Shapiro denies the allegations contained in paragraph 11.

**FACTS**

12. Shapiro admits that a franchise agreement by and between National Jeans Franchise Corp. and NJC Boston, LLC was executed on or about July 22, 2004 (the 2004 Franchise Agreement). Answering further, Shapiro submits that the 2004 Franchise Agreement speaks for itself, and that no further response is required.

13. In response to the allegations contained in paragraph 13, Shapiro submits that any such document speaks for itself, and that no further response is required.

14. In response to the allegations contained in paragraph 14, Shapiro submits that any such document speaks for itself, and that no further response is required.

15. In response to the allegations contained in paragraph 15, Shapiro submits that any such document speaks for itself, and that no further response is required.

16. In response to the allegations contained in paragraph 16, Shapiro submits that any such document speaks for itself, and that no further response is required.

17. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 17 and, therefore, denies same.

18. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 18 and, therefore, denies same.

19. Shapiro is without sufficient knowledge regarding the allegations contained in paragraph 19 and, therefore, denies same.

20. In response to the allegations contained in paragraph 20, Shapiro submits that any such document speaks for itself, and that no further response is required.

21. Shapiro admits that he received a letter dated January 6, 2014, from Attorney Edward J. Naughton. Answering further, Shapiro submits that such document speaks for itself, and that no further response is required.

## **COUNT I**

22. Shapiro incorporates his answers to paragraphs 1 through 21, *supra.*

23. In response to the allegations contained in paragraph 23, Shapiro submits that any such document speaks for itself, and that no further response is required.

24. In response to the allegations contained in paragraph 24, Shapiro submits that any such document speaks for itself, and that no further response is required.

25. Shapiro denies the allegations contained in paragraph 25.

26. Shapiro incorporates his answer to paragraph 21. Answering further, Shapiro submits that the 2004 Franchise Agreement and the letter dated January 16, 2014 from Attorney Edward J. Naughton speak for themselves, and that no further response is required.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred in whole or in part by Plaintiff's prior breaches of the franchise agreement, frustration of purpose, and the implied covenant of good faith and fair dealing.

### Third Affirmative Defense

The Plaintiff's common law and statutory claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of waiver, laches and / or estoppel.

### Fifth Affirmative Defense

Any damages suffered by the Plaintiff resulted from its own wrongful actions and wrongful conduct.

### Sixth Affirmative Defense

Any allegations not specifically admitted herein are denied.

**Seventh Affirmative Defense**

This court lacks personal jurisdiction over Shapiro, as he is not a citizen of New York, has never transacted business in New York, did not consent to the exclusive jurisdiction of this court, did not knowingly direct his activities towards this forum, and did not purposefully avail himself of the benefits of doing business in this District.

**Eighth Affirmative Defense**

Venue is not proper in this District as Shapiro did not execute the franchise agreement, did not expressly consent to venue in this Court by executing the guaranty, and because a substantial part of the events or omissions giving rise to the Plaintiff's claims did not occur in this District.

**PRAYER FOR RELIEF**

Having fully answered Plaintiff's Complaint and asserted various Affirmative Defenses, the Defendant prays that the Complaint be dismissed with prejudice and that the Defendant be awarded such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 10, 2014

Respectfully submitted,

EINBINDER & DUNN, LLP

By: _/s/ Michael Einbinder_
Michael Einbinder
104 West 40th Street, 20th Fl.
New York, New York 10018
Tel: (212) 391-9500
Fax: (212) 391-9025
me@ed-lawfirm.com

Counsel:

WITMER, KARP, WARNER & RYAN LLP
Eric H. Karp (to be admitted *pro hac vice*)
Brigid A. Harrington (to be admitted *pro hac vice*)
22 Batterymarch Street
Boston, Massachusetts 02109
Tel: (617) 423-7250
Fax: (617) 423-7251
ekarp@wkwrlaw.com
bharrington@wkwrlaw.com

*Counsel for Defendant*